IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 12-00519 (ESL) |
| STEPHEN WHITMAN-NIEVES; JOSEPHINE M. BARNES ADAMS | CHAPTER 7 |
| Debtors | |
| STEPHEN WHITMAN-NIEVES; JOSEPHINE M. BARNES ADAMS AND THE CONJUGAL PARTNERSHIP COMRISED BY BOTH | ADV. PROC. NO. 15-00141 (ESL) |
| Plaintiffs | |
| v. | |
| PUERTO RICO FEDERAL CREDIT UNION; ACE INSURANCE CO., INSURANCE JOHN DOE, JANE DOE; and/or NINA DO; A, B and/or C CORP.; X,Y and/or Z INS. COMPANIES | |
| Defendants | |
| ROBERTO ROMÁN VALENTIN | |
| Chapter 7 Trustee | |
| Party in Interest | |

OPINION AND ORDER

This adversary proceeding is before the court once again since the first proceeding (Adversary Proceeding 12-00392) was dismissed without prejudice on April 24, 2015 because it was filed after the bankruptcy case was closed, and thus the court was devoid of jurisdiction to entertain the same (Adversary Proceeding 12-00392, Docket Nos. 68 & 69). The instant

-1-

proceeding is before the court upon the *Motion for Summary Judgment* (Docket No. 18) filed by Plaintiffs Josephine Barnes Adams, Stephen Whitman Nieves and the community property composed by both (hereinafter referred to as the "Plaintiffs") arguing that creditor Puerto Rico Federal Credit Union (hereinafter referred to as the "PRFCU") has violated the discharge injunction pursuant to 11 U.S.C. §524(a)(2) when it sent a payment booklet on July of the year 2012 to the address of Mrs. Norma Adams Irizarry, the mother of joint debtor Josephine M. Barnes Adams' and guarantor of the personal loan in controversy. Moreover, the account number and the replacement payment coupons (from July 2012 through July 2013) included in the booklet were addressed to debtor Josephine Barnes Adams and requested a payment of $1,259.58 and subsequent monthly payments in the amount of $248.88. Plaintiffs also argue that PRFCU's "willful action to ask for Ms. Norma Adams's signature of the pignoration agreement during the automatic [stay] protection for Ms. Josephine Barnes constitute[s] an indirect collection effort against debtors through a third party to ensure or assess debt payment and in consequence violates debtor's protection to the automatic stay."

On December 23, 2015, PRFCU filed its *Answer to Plaintiffs/Debtors' Motion for Summary Judgment and Defendant's Request for Dismissal for Complaint* contending that: (i) the allegations made by Plaintiffs/Debtors in the previously filed adversary proceeding are very similar to the allegations included in the first proceeding; namely, the alleged willful violation of the automatic stay and the discharge injunction by PRFCU (ii) this court previously entered an *Opinion and Order* in which it held that PRFCU did not incur in a violation of the automatic stay since this statutory protection did not extend to third parties; (iii) the perfection of the lien by a third party (Mrs. Norma Adams Irizarry) does not constitute an indirect violation of the automatic stay, since the same would have the effect of creating a lien over Mrs. Norma Adams Irizarry's certificate of deposit, which is not property of the bankruptcy estate. The act of requesting a non-debtor (Mrs. Norma Adams Irizarry) to sign a pignoration agreement which she voluntarily signed on her visit to PRFCU does not constitute a violation of the automatic stay. This is a permissible act by a creditor to secure the protection originally received when the

third party provided the guarantee of the loan; (iv) the Plaintiffs/ Debtors lack standing to assert any claim based on the rights of a third party. The Plaintiffs/Debtors are requesting this court to decide a claim that may only be asserted by Mrs. Norma Adams Irizarry since it is her certificate of deposit that is being affected by the perfection of the lien; and (v) PRFCU did not violate the discharge injunction when it sent a payment booklet to Mrs. Josephine Barnes Adams to the address of her mother, Mrs. Norma Adams Irizarry because if PRFCU intended to collect from Mrs. Josephine Barnes Adams it would have sent the payment booklet to her physical address instead of sending the same to the address of non-debtor Mrs. Norma Adams Irizarry (Docket No. 23).

Applicable Law and Analysis

*Standard for Motion for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved."  Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198.  "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried."  Id. at 202-203.  Summary judgment is not a substitute for a trial of

disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that

there is an absence of evidence supporting the nonmoving party's case.  Celotex, 477 U.S. at 325.  See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11.  In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987).  See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464.  A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party.  Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made.  López, 938 F.2d at 1517.  The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden.  Adickes, 398 U.S. at 159.

For the reasons explained below, this court partially grants and partially denies Plaintiffs' motion for summary judgment.

In the previous adversary proceeding the court rendered an *Opinion and Order* (Adversary Proceeding No. 12-00392, Docket No. 54) in which it adjudicated the controversies that are before the court in the instant adversary proceeding which are based on the same material uncontested facts included in the prior Opinion and Order (Adversary Proceeding No. 12-00392, Docket No. 54, pgs. 2- 4)[1].  As to the violation of the discharge injunction by PRFCU, the court, based on the same legal reasoning, reiterates its holding of its prior *Opinion and Order* and thus concludes as follows:

---

[1] The court scheduled a pretrial to consider the damages resulting from PRFCU's violation of the discharge injunction. At the pretrial hearing, the court realized that the lead case had been closed on May 10, 2012 and there was no request to reopen the same. Adversary proceeding No. 12-00392 was dismissed on April 24, 2015.

"From the stipulated facts, however, it is clear that PRFCU made a collection effort against co-debtor Barnes-Adams through her mother, the Guarantor. See Docket No. 45, p. 2, ¶8. Such action is prohibited by 11 U.S.C. §524(a). See In re Collins, 474 B.R. at 320, citing Senate Report No. 95-989 ("[11 U.S.C. §524(a)] has been expanded… to cover any act to collect, such as dunning by telephone or letter, or indirectly through friends, relatives, or employers, harassment, threats of repossession, and the like. The change is … intended to insure that once a debt is discharged, the debtor will not be pressured *in any way* to repay it."). Therefore, the court finds that when PRFCU sent the payment booklet to co-debtor Barnes Adams at her mother's address, to wit, the Guarantor, it violated the discharge injunction." (Adversary Proceeding No. 12-00392, Docket No. 54, pg. 16); See also; Whitman-Nieves v. P.R. Fed. Credit Union (In re Whiman- Nieves), 519 B.R. 1, 12 (Bankr. D.P.R. 2014).

Violation of the Automatic Stay pursuant to Section 362(a)(6*)

As to the Plaintiffs' second argument, regarding PRFCU's alleged violation of Debtors' automatic stay pursuant to 11 U.S.C. §362(a)(6) which consisted in an indirect collection effort against the Debtors through Mrs. Norma Adams when a representative of PRFCU requested non-debtor Mrs. Norma Adams' to sign the pignoration agreement to ensure the debt repayment by providing the protection guaranteed (Mrs. Norma Adams' certificate of deposit) when PRFCU granted the personal loan to debtor Josephine Barnes Adams. Plaintiffs contend that, "under the circumstances of the present case, the PRFCU affirmative actions to modify the real and legal nature of debtor's debt, particularly, creating a lien on an unsecured debt after bankruptcy filing constitute an automatic stay violation against debtors under 11 U.S.C. §362[a](6)" (Docket No. 30, pg. 5).

Section 362(a)(6) stays, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(6). "The wording of this provision is somewhat similar to that of section 362(a)(1) but the provision applies to any 'act' whether or not that act is related to an 'action' or a 'proceeding.' Thus, any act taken to collect, assess or recover a prepetition claim against the debtor, whether the act is taken against the estate or against the debtor is stayed." Crespo Torres v. Santander Fin. Servs. (In re Torres), 532 B.R. 195, 2001 (Bankr. D.P.R. 2015) citing Alan N. Resnick & Henry J.

Sommer, 3 Collier on Bankruptcy ¶ 362.03[8] (16th ed. 2015). Amongst the acts covered by section 362(a)(6) are actions taken by a creditor to induce debt payment, such as withholding a student's transcript. Id. at 362.03[8][a]. Some courts have applied a "coercive effects" test which is basically whether a creditor "acts or fails to act, in a coercive manner, with the sole purpose of collecting that debt. This 'test' can't be found in the Code, and situations which it applies will be rare, because most act or failures to act have multiple purposes, such as minimizing risk based on creditworthiness." In re Kuehn, 563 F. 3d 289, 292 (7th Cir. 2009); Eagle v. Big Muddy River Correctional Center/Illinois Dept. of Corrections (In re Eagle), 2011 Bankr. Lexis 2352, *6 (Bankr. S.D. Ill. 2011) ("A creditor acts to collect a debt if it acts or fails to act, in a coercive manner, with the sole purpose of collecting that debt").

"Section 362(a)(6) is intended to prevent creditor harassment of the debtor in attempting to collect prepetition debts. The conduct prohibited ranges from that of an informal nature, such as by telephone contact or by dunning letters, to more formal judicial and administrative proceedings that are also stayed under subsection (a)(1)." Id. The purpose of section 362(a)(6) is "to benefit a debtor by preventing harassment and frustration of rehabilitation efforts through pursuit by creditors in individual actions." In re Duke, 79 F. 3d 43, 45 (7th Cir. 1996) citing Matthews v. Rosene, 739 F. 2d 249, 251 (7th Cir. 1984).

Moreover, "[s]ection 362(a)(6) stays collection from the debtor. It does not stay actions against sureties to recover property in which the debtor has no interest. Thus, a creditor may pursue a guarantor free of the automatic stay even though the guarantor may have a right to reimbursement from the debtor and may be subrogated to the rights of the creditor. The action may proceed even if the guarantor's reimbursement right is secured by property of the debtor or property of the estate." Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.03[8][b] (16th ed. 2015).

The court finds that Plaintiffs' arguments as to the debtors' violation of the automatic stay which consist of collection actions against the mother of debtor Josephine Barnes Adams (Mrs. Norma Adams Irizarry) are misplaced. The provisions of the automatic stay are for the

benefit of the debtor, they are not extensive to third parties, thus collection efforts against a third party or a guarantor that is not a debtor in bankruptcy are not protected by the provisions of the automatic stay. This court in its prior *Opinion and Order*, as part of its analysis stated that:

> "The U.S. Court of Appeals for the First Circuit (the "First Circuit") has ruled that the automatic stay provisions of Section 362 'apply only to the bankrupt debtor' and '[c]ourts that have come to a different conclusion do not appear to have done so on the basis that §362 requires such a result, but rather that additional considerations warrant a stay as to all defendants.' Austin v. Unarco Industries, Inc., 705 F. 2d 1, 5 (1st Cir. 1983). Courts that have allowed a narrow exception to the general rule that the automatic stay is not available to third parties take into consideration the following reasoning:
>
>> In order for relief for such non-bankrupt defendants to be available under (a)(1), there must be unusual circumstances" … This 'unusual situation', it would seem, arises when there is such identity between the debtor and the third party defendant that the debtor may be said to be the real party defendant and that a judgment against the third party defendant will be a judgment or finding against the debtor. A.H. Robins Co. v. Piccinin, 788 F. 2d 994, 999 (4th Cir. 1985), cert. denied, 479 U.S. 876 (1986)" (Adversary proceeding 12-00392, Docket No. 54, pgs. 11-12); See also; In re Whiman- Nieves, 519 B.R. at 9.

The court finds that in the instant case the request made by the PRFCU to Debtor's mother to sign the pignoration agreement to guarantee the loan with Mrs. Norma Adams' certificate of deposit is not a collection action against the debtor(s) and thus, does not constitute a violation of the automatic stay provisions.

On January 27, 2016, ACE Insurance filed an *Opposition to Plaintiffs' Motion for Summary Judgment* (Docket No. 28) in the instant adversary proceeding by which it joined and incorporated PRFCU's legal arguments. ACE Insurance contends that summary judgment at this stage is procedurally premature because liability against PRFCU has to be established first to determine if the terms and conditions of the insurance policy cover the same. However, PRFCU's insurance policy does not provide coverage for wrongful acts pursuant to its wrongful acts exclusion clause and it has s $25,000 self-insured retention meaning that there has to be a determination that the $25,000 retention was exhausted.  On January 27, 2016, the Plaintiffs filed a *Motion Pursuant to Order Dated January 13, 2016* (Docket No. 32) in which they agree

with ACE Insurance that its responsibility is limited to the terms and conditions of the insurance policy and that it depends on whether the court determines that PRFCU is liable. However, Plaintiffs state that ACE Insurance was included in the interest of judicial economy in which all claims and controversies are included for summary disposition.

This court finds that at this juncture, determining whether PRFCU is covered by the policy it has with ACE Insurance is premature, given that there has not been a determination as to the damages for the violation of the discharge injunction. Moreover, the court concludes that a determination of coverage for damages under the insurance policy, if applicable, has to be made by ACE Insurance after PRFCU submits its claim to ACE Insurance.

Conclusion

In view of the foregoing, Plaintiffs' *Motion for Summary Judgment* (Docket No. 18) is hereby partially granted as to the violation of the discharge injunction by PRFCU and it is partially denied regarding the alleged violation of the automatic stay provisions.

A pretrial hearing on the alleged damages resulting from PRFCU's violation of the discharge injunction is hereby scheduled for **September 13, 2016 at 2:00 p.m**.

SO ORDERED.

Partial judgment will be entered accordingly.

In San Juan, Puerto Rico, this 8th day of April, 2016.

Enrique S. Lamoutte
United States Bankruptcy Judge